UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6330 FMO (PLAx) | Date | November 30, 2018 |
|---|---|---|---|
| Title | Young Hee Park v. Martin A. Galvin | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal

On July 20, 2018, plaintiff Young Hee Park ("plaintiff") filed a Complaint, (Dkt. 1), alleging that in "January 2018" plaintiff personally encountered one violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., at a place of public accommodation owned or operated by pro se defendant Martin A. Galvan ("defendant")[1] – specifically, nonaccessible parking facilities. (See Dkt. 1, Complaint at ¶¶ 7-16). However, the parties' Joint Rule 26(f) Report, (Dkt. 19), indicates that "[d]efendant fixed all ADA issues so there is no pending federal jurisdiction." (Id. at 2).

"The irreducible constitutional minimum of standing includes three elements: (1) injury in fact; (2) causation; and (3) redressability." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 907 (9th Cir. 2011) (internal quotation marks omitted). "[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (en banc). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver, 654 F.3d at 905.

Based on the foregoing, IT IS ORDERED THAT:

1. No later than **December 7, 2018**, plaintiff's counsel shall show cause in writing with a declaration under penalty of perjury as to why this action should not be dismissed for lack of standing, see Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939 (9th Cir. 2011) (en banc), in light of defendant's assertion that the alleged barrier personally encountered by plaintiff has been remedied. Plaintiff's response to this Order to Show Cause shall also include the specific date of plaintiff's visit to defendant's property, which was not set forth in the Complaint.

---

[1] Defendant states he was erroneously sued as "Martin A. Galvin." (See Dkt. 10, Answer at 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6330 FMO (PLAx) | Date | November 30, 2018 |
|---|---|---|---|
| Title | Young Hee Park v. Martin A. Galvin | | |

    2.  Failure to file a timely response to this Order to Show Cause by the deadline set forth above shall be deemed as consent to the dismissal of the action for lack of standing and/or failure to comply with the orders of the court.  In addition, failure to file a timely response may result in the imposition of sanctions against plaintiff and/or plaintiff's counsel.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer |  | vdr |  |